HORST A. C. ALBRECHT, Respondent, v. ALTOONA TEXTILE COMPANY, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty and Tompkins, JJ.; Davis, J., not voting.

PETER ALLEGRA, Respondent, Appellant, v. DE NOBILI CIGAR COMPANY, a Corporation, Appellant, Respondent. (Action No. 2.) — Order in so far as appealed from by defendant modified by allowing the examination as specified in the notice for the taking of such examination, and as so modified affirmed, without costs. Order in so far as appealed from by the plaintiff affirmed, without costs. The examination will proceed on five days' notice. In granting this examination as requested we do not pass upon the materiality, relevancy or competency of any questions that may be asked of the plaintiff. We leave that situation to be dealt with at the trial. We do determine that in the light of the character of the action and plaintiff's first publication, which apparently inspired the defendant's publication complained of, together with the allegations in the pleadings, the general examination here sought should be permitted. We do not agree with plaintiff that the Special Term failed to dispose of his motion to vacate the subpœna *duces tecum.* The order denied plaintiff's motion "except as herein granted." And we think that the disposition of that part of the motion was correct. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

APEX LAUNDRY SERVICE CORPORATION, Plaintiff, v. PRODUCTIVE THOUGHT, INC., a Domestic Corporation, Appellant, and HARRY KAUFMAN, Doing Business as TRAFFIC GARAGE, Respondent.— Order of Appellate Term affirming judgment of the Municipal Court unanimously affirmed, with costs. The dismissal of the complaint as to Kaufman was in effect a vacating of the order bringing him in as a party defendant, and this the court, in the exercise of discretion, had power to do, although it would have been better practice to sever the actions. The dismissal must be deemed to be without prejudice to the right of appellant to sue Kaufman on the same cause of action set up in the answer after Kaufman had been brought in, there having been no determination on the merits between those parties. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ.

KATHERINE C. AXTMANN, Respondent, v. GUSTAV WYDLER, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

KATHERINE M. AXTMANN, by AUGUST A. AXTMANN, Guardian ad Litem, Respondent, v. GUSTAV WYDLER, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

MICHAEL BENAROSH, Appellant, v. LOUIS BROD, Doing Business under the Firm Name and Style of L. BROD & COMPANY, Respondent.— Order affirmed, with ten dollars costs and disbursements, not upon the ground stated at Special Term, but for the reason that it is sufficient that plaintiff was apprised, by the bill of particulars, that defendant alleged an accord and satisfaction of the causes of action set forth in the complaint by the payment of a check for $1,000 on August 3, 1931. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

CLARA BIALECK, Respondent, v. LOUIS BIALECK, Also Known as LOUIS BIALEN, Appellant.— Order, as resettled, denying motion to dismiss the complaint upon the ground of lack of jurisdiction, and to vacate order of sequestration and appointment